IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MONIQUE R. SMALL DREW,
    Plaintiff,

v.                                                 Civil Action No. 3:17-cv-429-JAG

VIRGINIA COMMONWEALTH UNIVERSITY,
    PARKING AND TRANSPORTATION,
    Defendant.

## OPINION

Monique R. Small Drew worked as a part-time parking enforcement officer for Virginia Commonwealth University Parking and Transportation ("VCU").[1] Drew sustained an injury while on the job. She filed paperwork with VCU's Human Resource Department requesting Americans with Disabilities Act ("ADA") accommodations, and claims VCU did not make those accommodations. In December 2015, VCU fired Drew. Drew alleges VCU fired her either because of her disability or in retaliation for requesting accommodations.

Drew, proceeding pro se, sued VCU in the Circuit Court for the City of Richmond and requested $250,000 in damages for alleged ADA violations. VCU removed the case to this Court and moved to dismiss for lack of subject matter jurisdiction due to sovereign immunity protection. This Court granted the motion to dismiss, but gave Drew leave to amend her complaint. After Drew filed her amended complaint, VCU again moved to dismiss for lack of

---

[1] The defendant points out that the actual entity is "The Board of Visitors of Virginia Commonwealth University," which conducts business as Virginia Commonwealth University. *See* Va. Code Ann. § 23.1-2300.

subject matter jurisdiction.[2] VCU again claims sovereign immunity bars Drew's claims. This Court agrees and accordingly grants the motion to dismiss with prejudice.

## I. STANDARD OF REVIEW

The Federal Rules of Civil Procedure require a plaintiff's complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In cases where the plaintiff appears pro se, courts do not expect the pro se plaintiff to frame legal issues with the clarity and precision expected from lawyers. Accordingly, courts construe pro se complaints liberally. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). This principle of liberal construction, however, has its limits. *Id.* Courts do not need to discern the unexpressed intent of the plaintiff or to conjure up issues on the plaintiff's behalf. *Id.*

VCU has moved to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, challenging the Court's subject matter jurisdiction. A motion to dismiss under Rule 12(b)(1) places the burden on the plaintiff to prove the court has subject matter jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A Rule 12(b)(1) motion may challenge subject matter jurisdiction facially, where the defendant contends that a complaint simply fails to allege facts upon which to base subject matter jurisdiction. *Id.* The Court accordingly affords the plaintiff the same procedural protections afforded under Rule 12(b)(6) consideration, and presumes the truth of the facts asserted in the complaint. *Id.*

## II. DISCUSSION

Sovereign immunity is a jurisdictional issue. *See Research Triangle Inst. v. Bd. of Governors of the Fed. Reserve Sys.*, 132 F.3d 985, 987, 990 (4th Cir. 1997). State sovereign

---

[2] Drew largely complied with the Court's Order in amending her complaint. The amended complaint, however, still cannot survive the sovereign immunity bar.

immunity protects the state from actions at law for damages and from suits in equity to restrain or compel governmental action. *Alliance to Save the Mattaponi v. Commonwealth Dep't of Envtl. Quality*, 270 Va. 423, 455, 621 S.E.2d 78, 96 (2005). This immunity extends to state agents and state instrumentalities, in addition to the states themselves. *Rector and Visitors of the Univ. of Va. v. Carter*, 267 Va. 242, 245, 591 S.E.2d 76, 78 (2004). VCU qualifies as a state agency and enjoys the privileges of immunity.[3] The Eleventh Amendment exemplifies, though does not limit, the broader concept of state sovereign immunity, and the Court thus discusses both with regard to Drew's claims. *See Stewart v. North Carolina*, 393 F.3d 484, 488 (4th Cir. 2005).

A claim against a state or state agency in federal court may overcome the Eleventh Amendment immunity bar in one of three ways: (1) Congress abrogating state immunity (in other words, Congress passing a new law explicitly removing state sovereign immunity for a particular issue); (2) a plaintiff seeking prospective or injunctive relief against a state agent; or (3) a state expressly consenting to suit or waiving its immunity. *See Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974); *Ex parte Young*, 209 U.S. 123, 159–60 (1908).

The first two immunity exceptions do not apply here. In *Garrett*, the Supreme Court conclusively held that Congress did not abrogate states' Eleventh Amendment immunity through Title I of the ADA. *Garrett*, 531 U.S. at 374. Further, Drew seeks monetary, not prospective injunctive relief.

---

[3] *See Carter*, 267 Va. at 244, 591 S.E.2d at 78 (finding University of Virginia a state agency under protection of sovereign immunity); *see also* Va. Code Ann. § 23.1-2300 *et seq.* (creating VCU through Virginia statute).

The next question is whether VCU waived its Eleventh Amendment immunity from suit in federal court. By removing a case from state to federal court, a state defendant waives its right to rely on Eleventh Amendment immunity. *Sansotta v. Town of Nags Head*, 724 F.3d 533, 546 (4th Cir. 2013) (stating the Supreme Court "created a bright line rule: any voluntary removal waives immunity") (citing *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 621 (2002)). Here, Drew originally filed this action in state court, and VCU subsequently removed it to federal court. VCU's voluntary removal to federal court thus waived the state's Eleventh Amendment immunity.

Removal to federal court, however, did not waive VCU's broader state sovereign immunity. *See Stewart*, 393 F.3d at 488 (noting that Eleventh Amendment immunity is only "an example of state sovereign immunity as it applies to suits in federal court against unconsenting states"); *see also Beaulieu v. Vermont*, 807 F.3d 478, 490 (2d Cir. 2015) (holding that "while a state defendant's removal waives the state's Eleventh Amendment immunity, it does not waive the state's general sovereign immunity"). Virginia waives its state sovereign immunity only when a statute "has explicitly and expressly announced such a waiver." *Ligon v. Cty. of Goochland*, 279 Va. 312, 317, 689 S.E.2d 666, 669 (2010). The Court cannot find, nor did Drew point to, any statutory or constitutional evidence showing that Virginia has waived its sovereign immunity as to Title I ADA claims. *See Crawford v. Dep't of Corr. Educ.*, No. 3:11CV430–HEH, 2011 WL 5975254, *1, *5 (E.D. Va. Nov. 29, 2011), *aff'd*, 472 F. App'x 192 (4th Cir. 2012) (finding Virginia did not waive immunity from Title I ADA claims); *cf. Blackburn v. Trustees of Guilfod Technical Community College*, 822 F. Supp. 2d 539, 543 (M.D.N.C. Sept. 30, 2011) (finding that a North Carolina statute explicitly waived its state sovereign immunity for ADA claims).

Thus, while VCU's removal of this case to federal court barred it from asserting Eleventh Amendment immunity, VCU retained its broader state sovereign immunity that protects state agencies from private actions under the ADA in both state and federal courts.[4]

## III. CONCLUSION

VCU, as a state agency, enjoys the protection of the state's sovereign immunity. Virginia has not waived its broad, state sovereign immunity as it relates to Drew's ADA claim. The Court thus does not have subject matter jurisdiction over Drew's case. Accordingly, the Court grants VCU's motion to dismiss with prejudice.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record and to the pro se plaintiff.

Date: March 27, 2018
Richmond, VA

/s/ John A. Gibney, Jr.
United States District Judge

---

[4] In her opposition brief, Drew alleges a violation of Section 504 of the Rehabilitation Act, a claim not mentioned in her amended complaint. (Opp. Br. at 2). A one-year time bar, however, prohibits Drew from bringing a claim under the Rehabilitation Act. *See Wolsky v. Med. Coll. of Hampton Rds.*, 1 F.3d 222, 224 (4th Cir. 1993). VCU terminated Drew in December 2015, and she did not file her complaint until May 2017.